DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 162 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Rodney Petties, | ) ) | |
| Defendant. | ) | |

I. Introduction

The Court conducted the sentencing hearing of the defendant Rodney Petties. The Court determined that the defendant's total offense level was 31 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 120 to 135 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 124 months with supervised release for a period of five years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(5:06 CR 162)

The offense conduct is set forth as follows:

> Approximately two years ago, the FBI and local law enforcement initiated an investigation into the drug trafficking activities of the Ronald Dede drug trafficking organization.  The investigation established that Dede had customers in Canton, Ohio.  Dede ordered cocaine from Arizona resident, Craig Dawson who was assisted by Letricia Epps who also resided in Arizona.
>
> The investigation established that Ronald Dede, a resident of California, developed a number of cocaine customers in Canton, Ohio. The largest customers were Hakim Ali, Ronald Lucas, Rodney Petties and Walter Dennis, Jr.  The defendant, Rodney Petties, was introduced to Ronald Dede by his brother, Charles Petties.  Rodney Petties distributed a portion of the cocaine to Charles Petties for distribution. Dede would order his cocaine through Phoenix, Arizona resident Craig Dawson who was assisted by Phoenix resident, Letricia Epps.  The source of supply toward the end of the conspiracy was Oswaldo Sanchez.
>
> During the course of the investigation, a confidential informant made controlled purchases of cocaine from the defendant, Rodney Petties and Charles Petties.  The CI purchased a kilogram from Rodney and multiple ounces from Charles. The CI discussed the price of a kilogram with Charles.
>
> A subsequent search of Rodney Petties' house resulted in the seizure of multiple weapons, approximately $19,000 in cash, scales and approximately six ounces of cocaine.

The defendant is a 38 year-old male with no known criminal record.  He is a life-long resident of Canton, Ohio.  Both of his parents are deceased.  He has three brothers, one is a codefendant in this case.  He also has one half brother and one half sister.  He maintains a good relationship with all of his siblings. The defendant has never been married.  He has six children with four different women.

(5:06 CR 162)

The defendant has high blood pressure, but is in good health otherwise. He has never been treated for mental health issues, but reported suffering from situational depression since his arrest in this case. The defendant began using marijuana and cocaine at age 17. He used both drugs until his arrest in this case. He reported being addicted to cocaine.

The defendant has maintained regular employment for the past ten years. He is a machinist by trade.

The defendant's acceptance of responsibility is set forth in paragraph 19 of the presentence report as follows:

> "I, Rodney L. Petties as a drug problem and alcohol problem as well it affected my family well as my work my family left me because of my problem. I didn't realize I had a problem until I lose everything. I meet Ron Dede and he had me sell drugs for him and I agree with the factual basis in the plea agreement. I plan to go through drug treatment and come home to be the best father I can for my children because they are the most important people in my life I totally regret the crime I committed." [sic]

**(2) The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant is 38 years of age and has no criminal record which is unusual with respect to defendants involved cocaine trafficking. Nonetheless, as indicated in paragraph 22 of the presentence report, the search of the defendant's residence resulted in the seizure of multiple weapons along with approximately $19,000.00 in cash and approximately six ounces of cocaine. That discovery indicates that the defendant was committed to a practice of trafficking in cocaine and was determined to protect himself, the cocaine and the large sum of cash by the use of his

3

(5:06 CR 162)

array of multiple weapons. Consequently, the fact that the defendant has no criminal record appears aberrational. As a consequence, the sentence in this case should reflect the seriousness of the offense, promote respect for the law among the defendant's peers and family and also provide just punishment for the offense. Consequently, a sentence of 124 months is necessary to accomplish respect for the law and provide just punishment.

**(B) to afford adequate deterrence to criminal conduct;**

As the Court indicated in this analysis, even though the defendant has no criminal record, his conduct in this case certainly suggests that he had become an accomplished trafficker in cocaine. Consequently, the sentence in this case should constitute adequate deterrence for those persons without a criminal record who contemplate engaging in cocaine trafficking because the trafficking offers significant to the trafficker. Persons contemplating such conduct should understand the penalties that can arise from such conduct and thus, a significance sentence is appropriate to provide deterrence to those persons considering such conduct such as the defendant engaged in in this case.

**(C) to protect the public from further crimes of the defendant;**

The defendant is already 38 years old. He has seen fit to impregnate multiple partners with the result that many children have been born as a result of his conduct.[1] The defendant now asserts in paragraph 19 of the presentence report that "I plan to go through drug treatment and come home to be the best father I can for my children because they are the most important

---

[1] Paragraph 37 of the presentence report indicates that the defendant has six children with four women. Paragraph 38 indicates that he is currently in a relationship with a fifth woman.

4

(5:06 CR 162)

people in my life. I totally regret the crime I committed." One can only hope that the defendant is serious about changing his lifestyle and caring for the six children that he has fathered with four separate women. Whether the defendant will assert such responsibility when he is released from prison, is at best, problematical.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The presentence report indicates at paragraphs 44 through 48 that the defendant has always apparently maintained employment and apparently has significant employment skills. Against that background, the defendant should commit to working in Prison Industries to sharpen his skills so that he will be employable upon release from prison even though he now has a significant criminal record in the context of this case. The defendant reports that he has been using marijuana and powder cocaine for the past 20 years and he reports being addicted to cocaine. The defendant should have the opportunity to engage in drug rehabilitation efforts prior to his release from custody and the Court will so recommend.

## CONCLUSION

For the reasons set forth herein, a sentence of 124 months with supervised release for five

(5:06 CR 162)

years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

    IT IS SO ORDERED.

| | |
|---|---|
| November 9, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |